UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CRIMINAL NO. 17-00161 (TSC) |
| v. | ) | |
| | ) | |
| IMRAN AWAN, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**GOVERNMENT'S CONSENT MOTION FOR A
PROTECTIVE ORDER GOVERNING DISCOVERY**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby moves for a protective order governing discovery in the above-captioned case. The defendant, Imran Awan ("Awan"), consents to the entry of the attached protective order in this case. As grounds for the government's motion, the government relies on the points and authorities below, and any other points and authorities which may be cited at a hearing on this motion.

**BACKGROUND**

1. On August 17, 2017, a federal grand jury sitting in the District of Columbia returned an Indictment in Criminal No. 17-00161 (TSC) charging Awan and his co-defendant, Hina Alvi ("Alvi"), with conspiracy to commit bank fraud, false statements on a loan or credit application, and monetary transactions, in violation of 18 U.S.C. § 371, bank fraud, in violation of 18 U.S.C. § 1344(2), false statements on a loan or credit application, in violation of 18 U.S.C. § 1014, and monetary transactions, in violation of 18 U.S.C. § 1957.

2. A status hearing in this matter is scheduled for September 1, 2017, at which time Awan will be arraigned on the aforementioned charges. Alvi has not yet been arrested on those charges.

6. The government intends to provide Awan with discovery at or before the September 1st status hearing. This discovery will include documents containing private identifying information such as dates of birth, Social Security Numbers, bank account numbers, telephone numbers, etc. of the defendants as well as other individuals, including potential witnesses, who are not charged in this case. Because there is a substantial amount of such private and sensitive information interspersed throughout the investigative files, specific redaction of this information would be extremely time consuming and would delay the production of discovery.

7. Moreover, during the course of this voluminous discovery, the government might inadvertently produce material that is not subject to the government's discovery obligations, was not intended to be produced in a particular form, or was not intended to be produced at a particular time. In such circumstances, the government requests that the protective order require the defendant to return all copies of such material to the government.

8. Entry of the proposed protective order in this case will ensure the confidentiality of information relating to bank and financial records, third parties, and witnesses, while permitting the United States to provide discovery to the defendant in a timely fashion.

9. Assistant United States Attorney Michael J. Marando has communicated with Jesse Winograd, who is counsel for Awan, and represents that Awan consents to the entry of the attached proposed protective order in this case. The attached proposed protective order only applies to defendant Awan, his attorneys, and his defense team. It does not apply to co-defendant Alvi because she has not been arrested yet on the indictment in this case.

## ARGUMENT

10. Federal Rule of Criminal Procedure 16(d)(1) provides that, for good cause shown, the Court may issue protective orders that deny, restrict, or defer discovery. Specifically, Rule

16(d)(1) permits the court, upon a showing of good cause, to deny, restrict, or defer pretrial discovery or inspection by entering a protective order. "It is appropriate . . . to employ Rule 16(d) protective orders to curtail the public dissemination of sensitive discovery materials that may endanger witnesses or informants." <u>United States v. Barbeito</u>, No: 2:09-cr-222, 2009 WL 3645063, at * (S. D. W.Va. Oct. 30, 2009). <u>See</u> also <u>United States v. Rivera</u>, 153 F. App'x 758, 759 (2d Cir. 2005).

    11.    In order to protect this information, the government requests that the Court enter an order placing the restrictions provided below on the discovery in this case:

    A.    All discovery material shall be kept and maintained in the custody and control of the defendant, his attorneys, and members of the defense team ("authorized persons").

    B.    Before providing any discovery material to an authorized person, defense counsel must provide the authorized person with a copy of the Protective Order.

    C.    The defendant, his attorneys, and members of the defense team shall not copy or reproduce any discovery material except in order to provide copies of the materials for use in connection with this case by the defendant, his attorneys, and members of the defense team. Such copies and reproductions shall be treated in the same manner as the original materials. The defendant, his attorneys, and members of the defense team shall not disclose any notes or records of any kind that they make in relation to the contents of the materials, other than to authorized persons, and all such notes or records are to be treated in the same manner as the original materials.

    D.    If the defendant is incarcerated, a member of the defense team may bring discovery material to the defendant and allow the defendant to review the material in the presence of the litigation team. The defendant is not permitted to copy or retain any of the discovery material without approval from the government or approval from the court.

   E. The defendant, his attorneys, and members of the defense team shall treat private identifying information from discovery – such as dates of birth, social security numbers, passport numbers, citizenship numbers, telephone numbers, etc. – as "constructively redacted" and shall not use or disseminate this information without agreement from the government or approval from the Court.

   F. Absent further agreement of the parties, "draft" transcripts of recorded conversations shall not be used at trial for any purpose including, but not limited to, evidence, exhibits, or cross-examination.

   G. At the request of the government, the defendant shall return all copies of discovery material that was inadvertently produced.

   H. Upon conclusion of all stages of this case, the materials and all copies made thereof shall be destroyed or returned to the United States, unless otherwise ordered by the Court. The Court may require a certification as to the disposition of any such materials.

   I. The restrictions set forth in this Order do not apply to discovery materials that are or become part of the public court record, including materials that have been received in evidence at other trials, nor do the restrictions in this Order limit defense counsel in the use of discovery materials in judicial proceedings in this case.

   J. The procedures for use of the discovery material during any hearing or trial of this matter shall be determined by the parties and the Court in advance of the hearing or trial.

   K. The Clerk shall accept for filing under seal any documents or filing so marked by the parties pursuant to the above paragraphs.

   L. Nothing in this Order shall prevent any party from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper.

M.  This Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability of any material.

12.  In the government's view, such a Protective Order will address the need to protect sensitive and confidential information, as well as unrelated third parties and potential witnesses, while affording the defendant an adequate opportunity to review the discovery materials in this case and prepare a defense.

WHEREFORE, for the reasons stated above, the United States respectfully requests that this Court grant the Government's Consent Motion for a Protective Order Governing Discovery, and enter the proposed protective Order.

Respectfully submitted,

CHANNING D. PHILLIPS
United States Attorney
D.C. Bar No. 415793

BY:         *-s-*
MICHAEL J. MARANDO
N.Y. Bar. No. 4250395
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
