UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | CRIMINAL NO. 17-00161-1 (TSC) |
| v. ) | |
| ) | **FILED** |
| IMRAN AWAN, ) | |
| ) | SEP - 1 2017 |
| Defendant. ) | |
| ) | Clerk, U.S. District & Bankruptcy Courts for the District of Columbia |

## PROTECTIVE ORDER

Upon consideration of the Government's Consent Motion for a Protective Order Governing Discovery, and the entire record herein, the Court finds that there is good cause to believe that the restriction of discovery information, under the terms set forth in this Protective Order, will ensure the privacy of witnesses and third parties, preserve the integrity of the discovery process, and serve the ends of justice, while protecting the rights of the defendant to disclosure of evidence under Rule 16(a) and adequately assisting counsel in the preparation of a defense. As such, it is this 1st day of September, 2017, hereby:

ORDERED that the Motion is GRANTED, and the Court orders the following:

1. All discovery material shall be kept and maintained in the custody and control of the defendant, his attorneys, and members of the defense team ("authorized persons").

2. Before providing any discovery material to an authorized person, defense counsel must provide the authorized person with a copy of the Protective Order.

3. The defendant, his attorneys, and members of the defense team shall not copy or reproduce any discovery material except in order to provide copies of the materials for use in connection with this case by the defendant, his attorneys, and members of the defense team. Such copies and reproductions shall be treated in the same manner as the original materials. The

defendant, his attorneys, and members of the defense team shall not disclose any notes or records of any kind that they make in relation to the contents of the materials, other than to authorized persons, and all such notes or records are to be treated in the same manner as the original materials.

4. If the defendant is incarcerated, a member of the defense team may bring discovery material to the defendant and allow the defendant to review the material in the presence of the litigation team. The defendant is not permitted to copy or retain any of the discovery material without approval from the government or approval from the court.

5. The defendant, his attorneys, and members of the defense team shall treat private identifying information from discovery – such as dates of birth, social security numbers, passport numbers, citizenship numbers, telephone numbers, etc. – as "constructively redacted" and shall not use or disseminate this information without agreement from the government or approval from the Court.

6. Absent further agreement of the parties, "draft" transcripts of recorded conversations shall not be used at trial for any purpose including, but not limited to, evidence, exhibits, or cross-examination.

7. At the request of the government, the defendant shall return all copies of discovery material that was inadvertently produced.

8. Upon conclusion of all stages of this case, the materials and all copies made thereof shall be destroyed or returned to the United States, unless otherwise ordered by the Court. The Court may require a certification as to the disposition of any such materials.

9. The restrictions set forth in this Order do not apply to discovery materials that are or become part of the public court record, including materials that have been received in evidence

at other trials, nor do the restrictions in this Order limit defense counsel in the use of discovery materials in judicial proceedings in this case.

10. The procedures for use of the discovery material during any hearing or trial of this matter shall be determined by the parties and the Court in advance of the hearing or trial.

11. The Clerk shall accept for filing under seal any documents or filing so marked by the parties pursuant to the above paragraphs.

12. Nothing in this Order shall prevent any party from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper.

13. This Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability of any material.

IT IS SO ORDERED.

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge