UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>IMRAN AWAN, and<br>HINA ALVI<br><br>Defendant | CRIMINAL NO. 17-cr-00161 (TSC) |

### GOVERNMENT'S OPPOSITION TO DEFENDANT AWAN'S MOTION TO MODIFY CONDITIONS OF RELEASE

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, submits this opposition to defendant Imran Awan's motion to modify his conditions of release from the High Intensity Supervision Program ("HISP") to personal recognizance. In support of this opposition, the government states the following:

### BACKGROUND

On December 12, 2016, Hina Alvi applied for a home equity line of credit ("HELOC") from the Congressional Federal Credit Union ("CFCU") on a house she owned at 4809 Sprayer Street, Alexandria, Virginia 22309. On the following day, Alvi applied for another HELOC from CFCU on a house she owned at 9667 Hawkshead Drive, Lorton, Virginia 22709. A material condition for obtaining both HELOCs was Alvi's intended use or occupancy of those properties. On both applications, and during the closing process for the HELOCs, Alvi misrepresented to CFCU her intended use and occupancy of those properties. Based on those misrepresentations, CFCU provided Alvi with a $165,000 HELOC on 4809 Sprayer Street, and a $120,000 HELOC on 9667 Hawkshead Drive. On January 18, 2017, Awan and Alvi wire-transferred $283,000 from those HELOCs to two individuals in Pakistan.

Awan was intimately involved in the bank fraud and money-laundering scheme. While the applications for the HELOCs were in Alvi's name, Awan's phone number and email address were used as the main points of contact regarding the applications. In addition, call-logs from CFCU during the application process show that CFCU interacted primarily with Awan and not Alvi. Furthermore, on January 18, 2017, when Awan and Alvi initiated the wire-transfer of money to Pakistan, Awan spoke to a wire-transfer representative at CFCU and pretended to be Alvi. On that call, the wire-transfer specialist asked for the reason for the wire transfer, and Awan told the specialist that the funds were going to be used to purchase property.

Alvi and her children then departed on a flight from Dulles Airport to Lahore, Pakistan, on March 5, 2017. Alvi booked a return flight for September 2, 2017. Prior to departing for Pakistan, Alvi pulled her children out of the Fairfax County Public School System without any notice. FBI agents attempted to speak with Alvi at the airport prior to her departing, but she declined their request. United States Customs and Border Protection officers at the airport informed the agents that Alvi brought numerous boxes of clothing and personal belongings with her to Pakistan, along with $12,000. Alvi currently remains in Pakistan and is scheduled to return to the United States during the last week of September 2017.

Similarly, on July 24, 2017, Awan was scheduled to depart from Dulles Airport to Lahore, Pakistan, with a return flight scheduled for January 3, 2018. Awan arrived at the airport but was arrested prior to departing. At the time, Awan was bringing with him various pieces of luggage and cardboard boxes, along with $9,000. Awan then made his initial appearance the following day, and United States Magistrate Judge Deborah A. Robinson released him pursuant to HISP, with the conditions that he abide by an electronically-monitored curfew of 10 pm to 6 am, that he not possess any passport, and that he not travel over 50 miles from his stated residence.

On August 17, 2017, a grand jury indicted Awan and Alvi on the following charges: (1) conspiracy to commit bank fraud, false statements on a loan or credit application, and monetary transactions, in violation of 18 U.S.C. § 371; (2) bank fraud, in violation of 18 U.S.C. § 1344(2); (3) false statements on a loan or credit application, in violation of 18 U.S.C. § 1014; and (4) monetary transactions, in violation of 18 U.S.C. § 1957.  The Court arraigned Awan on September 1, 2017 (the Court did not arraign Alvi because she was in Pakistan at the time).  At Awan's arraignment, the Pretrial Services Agency for the District of Columbia ("PSA") submitted a Status Report that recommended no change in Awan's release conditions.

**ARGUMENT**

Taking the preceding into account, the government opposes Awan's release on his personal recognizance.[1]  Any change to Awan's conditions of release at this time would be premature.  This case has only been pending for about a month and a half since Judge Robinson's initial ruling regarding Awan's conditions of release.  During that time, there has been only one report from the PSA regarding Awan's compliance with his conditions of release, and that report, dated September 5, 2017, recommended that no changes be made.

Furthermore, as emphasized by the government at the last status hearing, there are strong indications of flight in this case.  Alvi departed from the United States (and Awan intended to depart from the United States) after news of the government's investigation into both of them broke, and after they transferred hundreds of thousands of dollars to Pakistan.  We do not know, had Awan not been arrested, whether Alvi would have returned to the United States.  Even if she did intend to return, Awan booked his return flight for January 2, 2018, which would have been

---

[1] At Awan's initial status hearing on September 1, 2017, his counsel asked that the radius in which Awan is allowed to travel be enlarged to accommodate his work as an Uber driver.  The government does not oppose an increased radius in which Awan can travel.  However, the government opposes defendant's request that he be taken off GPS monitoring.

3

four months after Alvi returned to the United States, indicating his intent to remain in Pakistan well after the rest of his family had already left. These facts indicate that Awan is a flight risk. The requirement that he remain on a GPS monitored curfew is the least restrictive means of ensuring his continued appearance in this case.

## **CONCLUSION**

Based on the foregoing, the government respectfully requests that the defendant's motion to modify his conditions of release be denied.

                                         Respectfully submitted,

                                         CHANNING D. PHILLIPS
                                         United States Attorney
                                         D.C. Bar No. 415793

By:        /s/
             MICHAEL J. MARANDO
             N.Y. Bar No. 4250395
             Assistant United States Attorney
             555 4th Street NW, Room 5241
             Washington, D.C. 20530
             Phone: (202) 252-7068
             Email: Michael.Marando@usdoj.gov