IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>IMRAN AWAN *et. al.*,<br><br>*Defendants*. | Case No: 1:17-cr-00161-TSC |

## MOTION TO MODIFY CONDITIONS OF RELEASE

Defendant Imran Awan hereby respectfully moves this Court to modify his conditions of release, specifically by ordering his removal from the High Intensity Supervision Program ("HISP"), the removal of his GPS device, and his release on personal recognizance. Mr. Awan last moved to modify his conditions of release on September 6, 2017, Dkt. 24, when his wife and co-defendant Hina Alvi was still on an extended visit to Pakistan with the couple's three children. The government conceded Mr. Awan is not a danger to the community opposed release on personal recognizance as "premature," naturally focusing on the fact that Mr. Awan's family was residing overseas. Dkt. 25 at 2-3. The government also noted that "[t]his case has only been pending for about a month and a half . . . . During that time, there has been only one report from the PSA regarding Awan's compliance with his conditions of release." *Id.* at 3.

Ms. Alvi and the couple's three children have now been back in the United States for nearly two months. Mr. Awan's entire nuclear and close extended family (his two brothers and his sister) are all here in the United States, residing in Virginia. While Mr. Awan has traveled to Pakistan occasionally for business and personal visitation over the years, he has not lived there since he emigrated to this country on a lottery visa as a teenager. He is a naturalized U.S. citizen and the idea of leaving the United States permanently is as unthinkable for him as it is for any other

devoted citizen. Furthermore, he has surrendered his passport and could not travel out of the United States even if he wanted to.

Mr. Awan also now has a clear and perfectly compliant HISP record, an accomplishment that the court surely knows can be difficult for even the most diligent supervisees to achieve. He has never missed an appointment, never tested positive, and never violated his curfew nor transgressed his scope of travel restrictions.

Mr. Awan is an established citizen of this country and the state of Virginia. He has family here, is well-known in his community, owns property, and sends his children to school. He is college-educated with extensive experience and highly desirable skills in his chosen field of information technology systems. He has no criminal record. He has voluntarily surrendered his only passport. While he faces bank fraud charges, there is no loss amount associated with the subject loans, all of which have been paid off in full, meaning that there is no debt owing he could be seen as running away from. There remains no cognizable reason why he should not be afforded the privileges typically provided to such defendants—including his wife and co-defendant—who are not dangers to community nor a demonstrable flight risk. The least restrictive means necessary to ensure Mr. Awan's presence in court do not not require HISP or GPS.[1]

---

[1] The only other two justifications suggested by the government's prior opposition relate to the fact that certain family money was transferred to Pakistan, and that the ticket Mr. Awan was travelling on when he was arrested had a far-out return date of January 2, 2018. Both points were addressed in Mr. Awan's earlier motion. There is nothing untoward about transferring money in and of itself, especially in light of the fact that Mr. Awan has an investment in Pakistan (that he inherited from his recently deceased father) that he has been trying to manage remotely. As already noted, none of the transferred money is at this point owed or otherwise linked to any U.S. person or institution. Nor is the extended return ticket at all unusual. Given the typical availability of standby travel from Faisalabad, that the family is familiar with, the family typically travels for longer trips by picking a far-out date and then traveling back on standby availability. This is actually how Ms. Alvi and the children returned. The far-out date indeed meant that Mr. Awan did not have a precise calendar date fixed for his return when he set out to travel, but this in no way implies that he was not going to return at all.

WHEREFORE, Mr. Awan respectfully moves this Court to issue an order removing him from HISP, removing the GPS device, and releasing him on personal recognizance.

Respectfully submitted,

Dated: December 4, 2017

/s/ Aaron Marr Page
Aaron Marr Page
DC Bar No.: 974936
Gowen Rhoades Winograd & Silva PLLC
513 Capitol Court N.E., Suite 100
Washington, D.C. 20002
Phone: (202) 251-2218
Facsimile: (202) 499-1370
E-mail: aaron@ampjustice.com
*Counsel for Defendant*