**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** <br><br> v. <br><br> **IMRAN AWAN, and** <br> **HINA ALVI** <br><br> **Defendants.** | **Case No. 17-cr-00161 (TSC)** |

**GOVERNMENT'S OPPOSITION TO DEFENDANT**
**IMRAN AWAN'S MOTION TO MODIFY CONDITIONS OF RELEASE**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits this opposition to defendant Imran Awan's ("Awan") motion to modify his conditions of release. In support of this opposition, the government states the following:

On August 17, 2017, the grand jury indicted Awan and his wife, Hina Alvi ("Alvi"), on charges of: (1) conspiracy to commit bank fraud, false statements on a loan or credit application, and unlawful monetary transactions, in violation of 18 U.S.C. § 371; (2) bank fraud, in violation of 18 U.S.C. § 1344; (3) false statements on a loan or credit application, in violation of 18 U.S.C. § 1014; and (4) unlawful monetary transactions, in violation of 18 U.S.C. § 1957. The indictment alleges that Awan conspired with Alvi to fraudulently obtain two home equity lines of credit on properties they owned. Based on their material misrepresentations, a bank provided two home equity lines of credit to them in the total amount of $285,000. Awan and Alvi then immediately wire-transferred $283,000 of those funds to Pakistan.

On July 25, 2017, following the defendant's arraignment on a criminal complaint, the Court released Awan to the High Intensity Supervision Program ("HISP") with the conditions that he abide by an electronically monitored curfew of 10 p.m. until 6 a.m. and not travel father than 50

miles from his residence.  On September 20, 2017, following Awan's indictment on the above-mentioned charges, the Court lessened his conditions of release by changing his curfew to 12 a.m. until 6 a.m., and by allowing him to travel 150 miles from his residence.  Awan now moves to remove all of the conditions of his release, including the electronic monitoring bracelet.

The government opposes his request.  As the government stated in its previous opposition to Awan's motion to modify his conditions of release, there are strong indications of flight in this case.  First, shortly before news broke of the government's investigation into Awan and Alvi, they engaged in the above-described fraudulent scheme, which involved the wire-transferring of the $283,000 to Pakistan.  The Government asserts that, based on the suspicious timing of that transaction, Awan and Alvi likely knew they were under investigation at that time.  Second, in May 2017, as media attention surrounding Awan and Alvi intensified, Alvi departed abruptly with her two children to Pakistan with a scheduled return ticket for September 2017.  Alvi only returned to the United States after the government arrested her husband, thereby preventing him from joining his wife and children in Pakistan.  Third, in July 2017, Awan attempted to leave the United States for Pakistan while news of the government's investigation surrounding him continued to intensify.  The government, however, arrested Awan as he boarded his flight.

At the time of his arrest, Awan possessed thousands of dollars in cash, a computer containing a resume where he listed his name as "Alex Awan," and cellular phones that Awan wiped clean only hours before his arrest.[1]  The government contends that these items indicate

---

[1] The government believes that Awan deleted the contents of his phones hours before his arrest because the FBI previously attempted to question Alvi as she boarded her flight in May 2017.  The government asserts that Awan likely believed that law enforcement would similarly approach him prior to his arrest.  Moreover, the government posits that the existence of the resume on the laptop – which was essentially the only file of worth found on the laptop – evidences Awan's possible intent to find employment in Pakistan, which is further evidence of his intent to re-settle there for some period of time.

Awan's intent to re-locate to Pakistan for some period of time.

While the government possesses Awan's Pakistani passport, nothing prevents him from obtaining a new Pakistani passport at the Embassy in D.C. That passport would permit Awan to board a flight and leave the country at any time. With the amount of money that Awan already transferred to Pakistan, the government submits that Awan can clearly maintain a life in that country. Awan has also traveled to Pakistan numerous times in the past. The government also possesses information that Awan either owns, or has strong ties to, property in Pakistan.

Taking into account (1) Awan's strong connections to Pakistan, (2) the wealth he already transferred there, and (3) his attempt to depart to Pakistan while knowing he was under investigation, the government asserts that Awan is a flight risk and that his participation in HISP is by far the least restrictive condition that can be imposed on him to ensure his return to Court. The government therefore respectfully requests that the defendant's motion to modify his pre-trial release conditions to personal recognizance be denied.

                                                    Respectfully submitted,

                                                    JESSIE K. LIU
                                                    United States Attorney
                                                    D.C. Bar No. 472845


By:             /s/
        Michael J. Marando
        N.Y. Bar No. 4250395
        Assistant United States Attorney
        555 4th Street, NW
        Washington, DC 20530