**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

FILED
JUL 0 3 2018
Clerk, U.S. District and
Bankruptcy Courts

| UNITED STATES OF AMERICA | Case No. 17-CR-00161 (TSC) |
|---|---|
| v. | |
| IMRAN AWAN | VIOLATION:<br>18 U.S.C. § 1014 (False Statements on Loan and Credit Applications) |
| **Defendant.** | |

## STATEMENT OF OFFENSE

Pursuant to Fed. R. Crim. P. 11, the United States of America, by and through its attorney, the United States Attorney for the District of Columbia, and defendant IMRAN AWAN ("AWAN"), with the concurrence of his attorney, Christopher J. Gowen, hereby agree and stipulate as follows:

### Background

1. Defendant AWAN was married to Hina Alvi ("Alvi"). Alvi owned a property located at 4809 Sprayer Street, Alexandria, Virginia (the "Sprayer Street Property").

2. The Wright Patman Congressional Federal Credit Union ("CFCU") was a credit union whose accounts were insured by the National Credit Union Share Insurance Fund. As such, CFCU was a financial institution under Title 18, United States Code, Section 20.

3. A home equity line of credit is a form of credit extended to a homeowner that uses the borrower's home as collateral. Borrowers are pre-approved for a certain spending limit, based on factors such as household income and credit score, and may draw on that limit at their discretion.

4. CFCU was in the business of, among other things, providing its customers with home equity lines of credit. CFCU had a policy of not extending a home equity line of credit where the property securing that line of credit was a rental property.

### The Fraudulent Home Equity Line of Credit

5. On December 12, 2016, while in the District of Columbia, AWAN submitted an online application in Alvi's name to CFCU for a home equity line of credit in the amount of $215,000 on the Sprayer Street Property. AWAN made a material misrepresentation in that application: that is, that the Sprayer Street Property was Alvi's primary residence and was not a rental property. This statement was untrue because, in actuality, Alvi was renting the Sprayer Street Property to tenants at the time. AWAN made this misrepresentation for the purpose of influencing CFCU to offer him the home equity line of credit because CFCU had a policy of not extending home equity lines of credit on rental properties.

6. On or about January 5, 2017, CFCU offered Alvi a home equity line of credit on the Sprayer Street Property in the amount of $165,000.

7. AWAN accepted CFCU's offer on Alvi's behalf and, between on or about January 12, 2017, and on or about January 18, 2017, CFCU transferred into Alvi's home equity line of credit account at CFCU amounts totaling $165,000 for the home equity line of credit on the Sprayer Street Property and $120,000 for a home equity line of credit that Alvi obtained on another property she owned at 9667 Hawkshead Drive, Lorton, Virginia (the "Hawkshead Drive Property"). On or about January 18, 2017, AWAN transferred $283,000 of those funds from Alvi's home equity line of credit account at CFCU to her checking account at CFCU.

### AWAN Pays Back Both Home Equity Lines of Credit

8. On January 18, 2017, AWAN paid off the balance of the home equity line of credit from CFCU for the Hawkshead Drive Property and the home equity line of credit from CFCU on the Sprayer Street Property by selling that property and by withdrawing money from a retirement savings account.

### Limited Nature of Proffer

This proffer of evidence is not intended to constitute a complete statement of all facts known by the defendant or the government, but is a minimum statement of facts intended to provide the necessary factual predicate for the guilty plea

        Respectfully submitted,

        JESSIE K. LIU
        United States Attorney
        D.C. Bar No. 472845

By:  *J.P. Cooney*
      J.P. COONEY
      Chief, Fraud & Public Corruption Section
      United States Attorney's Office for the
        District of Columbia
      555 4th Street, N.W.
      Washington, D.C. 20001

DEFENDANT'S ACKNOWLEDGMENT

The preceding statement is a summary, made for the purpose of providing the Court with a factual basis for my guilty plea to the charge against me. It does not include all of the facts known to me regarding this offense. I make this statement knowingly and voluntarily and because I am, in fact, guilty of the crime charged. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Statement of Offense fully.

I have read every word of this Statement of the Offense, or have had it read to me. Pursuant to Federal Rule of Criminal Procedure 11, after consulting with my attorney, I agree and stipulate to this Statement of the Offense, and declare under penalty of perjury that it is true and correct.

Date: 7-3-18

_____
Imran Awan
Defendant

ATTORNEY'S ACKNOWLEDGMENT

I have read this Statement of Offense and have reviewed it with my client Imran Awan. I concur in my client's desire to adopt this Statement of Offense as true and accurate.

Date: 7-3-18

_____
Christopher J. Gowen
Attorney for Imran Awan