**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** <br><br> v. <br><br> **IMRAN AWAN** <br><br> **Defendant.** | **Case No. 1:17-cr-00161 (TSC)** |

## GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The relevant conduct is undisputed. The defendant, Imran Awan, made a false statement to a bank, claiming that a rental property owned by his wife was her primary residence, to induce it to grant a six-figure loan. The defendant thereby skirted the bank's policy against extending home equity loans on rental properties due to their susceptibility to default. The defendant used the loan to cover family expenses and paid it back. The bank lost no money.

Nonetheless, the defendant's conduct was a crime—and a serious one. Knowingly making false statements to a bank to induce a loan is against the law, regardless whether it causes pecuniary harm. Federal law and policy aggressively protect lending integrity, because it is essential to the fair administration of financial institutions that sustain our economy. The defendant's felony conviction for making false statements on a loan application reflects that policy and, in and of itself, serves as an important deterrent against fraud in federal lending.

Because the defendant accepted responsibility for his crime and has no prior criminal history, along with the fact that the bank suffered no financial loss, the United States Sentencing Guidelines recommend a sentence of zero to six months. Based on those considerations, along with the defendant's cooperation in the Government's investigation and the deterrence his felony conviction imposes on him and similarly situated loan applicants, the Government does not oppose a non-custodial sentence as authorized by the Guidelines.

**I.     BACKGROUND**

In December 2016, the defendant submitted an online application in the name of his wife, Hina Alvi, to the Wright Patman Congressional Federal Credit Union ("CFCU") seeking a $215,000 home equity line of credit on a rental property she owned in Alexandria, Virginia. CFCU, however, had a policy of not extending home equity lines of credit on rental properties, because borrowers are more likely to allow properties that are not their primary residence to fall into default.   To avoid this policy and obtain the loan, the defendant falsely claimed that the rental property was his wife's primary residence.   Based on the false claim, CFCU extended a $165,000 line of credit, which it would not have done had the defendant told the truth.   A few months later, in June 2017, the defendant and his wife sold the rental property and paid off the $165,000 loan.

A federal grand jury in the District of Columbia subsequently returned an indictment charging the defendant and Alvi with Conspiracy under 18 U.S.C. § 371, Bank Fraud under 18 U.S.C. § 1344(2), False Statements on a Loan or Credit Application under 18 U.S.C. § 1014, and Unlawful Monetary Transactions under 18 U.S.C. § 1957.   The defendant later agreed to cooperate in the Government's investigation of his conduct, and the parties executed a Plea Agreement, under which the defendant pled guilty to False Statements on a Loan or Credit Application.   In return for the defendant's guilty plea, the Government agreed to dismiss the remaining charges against him and all the charges against Alvi.

**II.    LEGAL PRINCIPLES AND SENTENCING GUIDELINES**

Under 18 U.S.C. § 3553(a), the Court "shall impose a sentence that is sufficient, but not greater than necessary, to comply with the purposes set forth in [§ 3553(a)(2)]," which are: "(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect

the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." *Id.* § 3553(a)(2)(A)-(D). To accomplish this, the Court must consider various factors, including the nature and circumstances of the offense, the defendant's history and characteristics, the kinds of sentences available, the advisory Sentencing Guidelines and related policy statements, and the need for restitution. *Id.* § 3553(a).

The Guidelines are the keystone to determining an appropriate sentence. The Supreme Court has held that district courts must determine the Guidelines range and entertain the parties' arguments about whether a sentence within that range is appropriate. *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1342 (2016). "Although the district court has discretion to depart from the Guidelines, the court 'must consult those Guidelines and take them into account when sentencing.'" *Id.* (quoting *United States v. Booker*, 543 U.S. 220, 264 (2005)). Here, there is no dispute over the applicable Guidelines range. The Probation Office has correctly determined that the Guidelines range is zero to six months, followed by two to five years of supervised release. A sentence within that range, including a non-custodial sentence, is therefore presumptively reasonable. *See, e.g.*, *United States v. Fry*, 851 F.3d 1329, 1333 (D.C. Cir. 2017) (noting that Guideline-compliant sentences are presumptively reasonable on appeal).

### III. ANALYSIS AND ALLOCUTION

#### A. The Nature and Circumstances of the Offense

The nature and circumstances of the offense are sufficiently serious to warrant criminal punishment and a Guideline-compliant sentence. As discussed above, the defendant made a false statement on an application for a home equity line of credit to obtain money from CFCU that he was otherwise not entitled to receive. The misrepresentation was intentional, aimed at side-

stepping CFCU's policy of not providing home equity lines of credit on rental properties to protect itself from the heightened risk of default—a policy reinforced by federal law and policy requiring truth in borrowing and lending, regardless whether the fraud causes pecuniary harm.  *See United States v. Wells*, 519 U.S. 482, 494-95 (quoting an analysis of similar fraud statutes in *Kay v. United States*, 303 U.S. 1, 5-6 (1938), to explain "that Congress was entitled to require that the information be given in good faith and not falsely with intent to mislead" and therefore "actual damage is not an ingredient of the offense"); *United States v. Crisp*, 454 F.3d 1285, 1290-91 (11th Cir. 2006) ("The purpose of 18 U.S.C. § 1014 is to protect financial institutions, and the Federal Deposit Insurance Corporation, against the risk of loss from frauds like this one.").  While the defendant ultimately paid the money he received back and CFCU suffered no financial harm, the defendant's actions placed CFCU and the National Credit Union Share Insurance Fund, which insures credit union accounts such as CFCU, at the very risk federal law and policy aim to prevent.

### B. The Defendant's History and Characteristics

The defendant's history and characteristics mitigate in favor of a non-custodial sentence. The defendant is a United States citizen with no prior arrests or convictions, has held steady employment throughout his adult life, and is married with three minor children.  Moreover, the defendant paid the loan money back before he became aware of the Government's investigation and, once indicted, cooperated with the investigation, admitted his fraud, and pled guilty.

### C. Other Factors

A non-custodial Guideline sentence adequately reflects the seriousness of the offense, promotes respect for the law, and provides just punishment.  First, as noted above, lying to induce a federal loan is a serious offense.  However, neither CFCU nor the National Credit Union Share Insurance Fund suffered financial harm, and the Government has found no evidence that the

defendant used the loan proceeds for an improper or illegal purpose. Second, the defendant accepted responsibility for the offense and cooperated in the investigation of his conduct, including sitting for eight lengthy voluntary interviews, answering multiple follow-up inquiries, and producing documents. The Government's investigation confirmed the credibility of the information the defendant provided law enforcement, which proved helpful in resolving this matter. It is important that similarly situated defendants are encouraged to accept responsibility as the defendant did here. Finally, the defendant's felony conviction will deter him from engaging in additional fraud and sends an adequate message of deterrence to other individuals tempted to engage in similar conduct.

## IV.  CONCLUSION

The Guidelines recommend a sentence of zero to six months, followed by between two and five years of supervised release. The Government concurs in the Guidelines calculation and, for the reasons set forth above, does not oppose a non-custodial sentence.

                              Respectfully submitted,

                              JESSIE K. LIU
                              United States Attorney

By:          /s/
                J.P. Cooney
                Chief, Fraud & Public Corruption Section
                U.S. Attorney's Office for the District of Columbia
                D.C. Bar No. 494026

## **CERTIFICATE OF SERVICE**

  I hereby certify that this pleading was filed via ECF, thereby causing a copy to be served electronically on counsel for the defendant.

                /s/
                J.P. Cooney
                Chief, Fraud & Public Corruption Section